United States District Court
Southern District of Texas
**ENTERED**
June 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| In re: | § § | |
| TUG ROBERT J. BOUCHARD CORPORATION *et al.*, | § § § § | BANKRUPTCY NO. 20-34758 |
| Debtors. | § § | |
| JUSTIN PEASLEE, | § § § | CIVIL ACTION NO. H-22-3980 |
| Appellant. | | |

## OPINION

Justin Peaslee appeals from an order of the bankruptcy court sustaining objections to his proof of claim for liquidated damages under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and other relief. For the following reasons, the court vacates the bankruptcy court's order and remands Peaslee's claim to the bankruptcy court.

**I.    Background**

Peaslee originally brought an FLSA claim against the debtor, Bouchard,[1] as a named plaintiff in a putative class action lawsuit filed in the Southern District of New York. *See* Docket Entry No. 1, *Bailey v. Bouchard Transp. Co., Inc.*, No. 1:20-cv-01207-SDA (S.D.N.Y. Feb. 11, 2020). That litigation was stayed when Bouchard (and its related debtors) filed a Chapter 11 petition on September 28–29, 2020. Peaslee's counsel filed consents to opt in with the Southern District court in late October 2022. The date of execution for Peaslee's consent is given as February 5, 2020. Docket Entry No. 130 at 4, *Bailey*, No. 1:20-cv-01207-SDA.

Peaslee filed a proof of claim on January 4, 2021, and his amended proof of claim on May 12, 2021. The amended proof of claim was filed after the bar date for the submission of claims.

---

[1] The court will refer to the multitude of debtors in the bankruptcy proceeding in the singular as "Bouchard."

Peaslee's counsel signed both proofs of claim.  Peaslee did not include a sworn statement with his proof of claim attesting to its accuracy or to the accuracy of the supporting documents.  Peaslee's amended proof of claim included the complaint in the New York action and materials purporting to show his earned wages and the date those wages were paid.  Bouchard challenges the admissibility but not the authenticity of the documents in the bankruptcy proceeding.

Peaslee worked for Bouchard as a seaman.  Peaslee claims that he was not timely paid for wages earned during certain pay periods from July through September 2020.  Bouchard agrees that he employed Peaslee as a seaman and that Peaslee was not timely paid for the periods in question.

The bankruptcy plan administrator filed an objection to Peaslee's proof of claim, summarizing his objections as follows:

> 1.  The Plan Administrator objects to the Claim, which asserts a secured claim for $23,125.00 in liquidated damages under the Fair Labor Standards Act ("FLSA").  The Claim is meritless.  The Plan Administrator requests that the Court disallow the Claim because the Debtors are not liable for the liquidated damages.
>
> 2.  The Claim is redundant because Peaslee is listed as a creditor on Claim No. 560, which seeks the exact same relief Peaslee seeks here.  Moreover, Peaslee is not entitled to liquidated damages under the FLSA because he does not allege any violations of the FLSA.  Finally, Peaslee was paid all wages owed him on March 11 and March 12, 2020.
>
> 3.  Bouchard also objects to Peaslee's characterization of the Claim as a secured claim because the proof of claim contains no evidence showing that the claim is secured.  Peaslee's claim is not secured because he does not have any valid lien against the Debtor—he does not even have judgment against the debtors.

(App. 695).  In a declaration filed with the objection, Bouchard's Chief Executive Officer, Jeffrey Gasbarra, stated that all Bouchard had paid all of Peaslee's outstanding wages.  (*Id.* 704).

The bankruptcy court held a hearing.  At the outset, the bankruptcy judge stated, "Based on the pleadings on file, I'm going to find that to the extent that the proofs of claim enjoy any presumption, that presumption has been overcome."  In response, Peaslee did not call witnesses or otherwise submit evidence on his claim.  Docket Entry No. 280 at 4, *In re Tug Robert J. Bouchard*

2

*Corp.*, No. 20-34758 (Bankr. S.D. Tex.).  Peaslee's counsel argued that the attachments to the claims were admissions of the debtor.  (*Id.* at 7).  The administrator objected.

The bankruptcy court sustained the administrator's objections and denied Peaslee's claim in November 2022.  (App. 1399–400).  The bankruptcy court did not provide reasons for its ruling.

## II.     The Standard of Appellate Review

"[T]raditional appellate standards" apply to the district court's review on an appeal from a bankruptcy court's judgment or order under 28 U.S.C. § 158(a)." *Stern v. Marshall*, 564 U.S. 462, 475 (2011).  The court reviews the bankruptcy court's conclusions of law de novo. *In re Ahern Enters., Inc.*, 507 F.3d 817, 820 (5th Cir. 2007).  The bankruptcy court's findings of fact are reviewed for clear error.  *Id.*  "A finding of fact is clearly erroneous when, although there is evidence to support it, the reviewing court is left with the definite and firm conviction that a mistake has been committed." *In re Acis Cap. Mgmt., L.P.*, 604 B.R. 484, 506 (N.D. Tex. 2019) (quoting *In re Johnson Sw., Inc.*, 205 B.R. 823, 827 (N.D. Tex. 1997)). The court reviews a bankruptcy court's evidentiary rulings for abuse of discretion. *In re SGSM Acquisition Co., LLC*, 439 F.3d 233, 239 (5th Cir. 2006).  The standard of review for mixed questions of law and fact is determined by whether the answer to the question presented is best supplied through analysis of the relevant law or facts. *U.S. Bank N.A.* ex rel. *CWCapital Asset Mgmt. LLC* v. *Vill. at Lakeridge, LLC*, 138 S. Ct. 960, 967 (2018).

## III.    Analysis

Peaslee argues that the bankruptcy court erred when it found that the Bouchard had overcome the presumptive validity of Peaslee's proof of claim.  Bouchard argues that the bankruptcy court correctly determined the claim lacked presumptive validity because it did not comply with Federal Rule of Bankruptcy Procedure 3001(b), which requires a proof of claim to be executed by the creditor or the creditor's authorized agent.  In support of this argument,

Bouchard states that the proof of claim was filed before Peaslee's counsel became his "authorized agent," which means that the proof of claim did not comply with Rule 3001. Bouchard argues that the amended proof of claim was submitted after counsel was retained but was submitted after the bar date and was therefore untimely. Because the original proof of claim did not conform with Rule 3001, Bouchard argues that the amended proof of claim cannot relate back to the original filing date.

A creditor of a bankrupt debtor may file a proof of claim, 11 U.S.C. § 501(a), that "shall be executed by the creditor or the creditor's authorized agent." FED. R. BANKR. P. 3001(b). A proof of claim "executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and the amount of the claim." *Id.* 3001(f). Such a claim "is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).

An objecting debtor (or other party in interest) may introduce evidence to rebut the claim's presumptive validity. The "objecting party is tasked with putting forth such evidence sufficient to rebut the presumption of validity and establish that the claim should be disallowed." *In re Northbelt, LLC*, 630 B.R. 228, 245 (Bankr. S.D. Tex. 2020) (footnote and citations omitted). The objector must "produce evidence that is equal in probative force to that of the proof of claim." *Id.* This means that:

> [T]he objecting party [must] produc[e] specific and detailed allegations that place the claim into dispute, by the presentation of legal arguments based upon the contents of the claim and its supporting documents, or by the presentation of pretrial pleadings, such as a motion for summary judgment, in which evidence is presented to bring the validity of the claim into question.

*Id.* (quoting *In re High Standard Mfg. Co., Inc.*, No. 15-33794, 2016 WL 5947244, at *3 (Bankr. S.D. Tex. Oct. 13, 2016)). If the objector meets this burden, the burden shifts back to the claimant to prove his claim by a preponderance of the evidence. *Id.*

4

Despite Bouchard's suggestions that Peaslee's amended claim should be rejected because it was filed after the bar date, the administrator did not present this argument to the bankruptcy court. The bankruptcy judge did not state that the untimeliness of the amendment was ground for sustaining the administrator's objection. Although this court may affirm the bankruptcy court on any ground supported by the record, *Arguello v. LaFavers*, 448 F. Supp. 3d 655, 662 (S.D. Tex. 2020), affirmance on this ground would be inappropriate. Peaslee's amended proof of claim presented materials in support of his earlier claim, based on the same underlying facts. The amended proof of claim therefore related back to the original proof of claim. *See In re Int'l Horizons, Inc.*, 751 F.2d 1213, 1216 (11th Cir. 1985) ("[A]mendment to a claim is freely allowed where the purpose is to cure a defect in the claim as originally filed, to describe the claim with greater particularity or to plead a new theory of recovery on the facts set forth in the original claim.").

Bouchard's argument that Peaslee's claim was untimely focuses on the date when Peaslee filed his consent in the New York district court, in October 2022. Despite the filing date, the consent is dated February 5, 2020. The court rejects Bouchard's argument that the October 2022 filing date of Peaslee's FLSA consent in the district court makes his proof of claim in the bankruptcy court untimely. While the consents may have been filed after the § 362 stay, the debtor points to no authority that filing the consent in the stayed district court case made the consent, for the purpose of a proof of claim in the bankruptcy court, invalid. Bouchard does not contend that the executed consent reflects fraud as to the date of the consent's execution on the part of Peaslee or his counsel. Even assuming that Peaslee never filed the consent, Bouchard points to no authority stating that counsel's status as an "authorized agent," as provided in Rule 3001(b), must be reflected by a filing on a public docket or other formal document. Rather, state-law agency

principles apply in determining whether a person is an authorized agent. *In re Thalmann*, 469 B.R. 677, 681 (Bankr. S.D. Tex. 2012). Bouchard has not put the ostensible agency relationship between Peaslee and his counsel into question.

In the bankruptcy court, Bouchard—through the plan administrator—argued that Peaslee's claim should be rejected because Bouchard had paid Peaslee "all the wages he was owed." (App. 698). Bouchard also argued that Peaslee otherwise failed to state a claim under the FLSA, because he failed to allege that he was not paid the minimum wage under § 206 of the Act. (*Id.*). The declaration Bouchard included with its objection states that Peaslee was paid "all outstanding wages on March 11 and March 12, 2020." (App. 704).

Bouchard's argument that Peaslee's claim should be rejected for failure to plead a violation of the FLSA appears to be an incorrect statement of the law. An employer violates § 206 of the FLSA and exposes itself to § 216(b) liquidated damages when it pays late wages. *See, e.g.*, *Avalos v. United States*, 54 F.4th 1343, 1347 (Fed. Cir. 2022) ("Under the FLSA, any employer who does not timely pay minimum . . . wages is liable for liquidated damages equal to the amount of the untimely paid wages."); *Thorpe. v. Utility Masters, L.L.C.*, No. 4:09CV92, 2010 WL 11530466, at *2 (E.D. Tex. July 21, 2010) ("Under the FLSA, an employer's liability becomes fixed, and damages accrue, when the employer fails to pay the employee the required wages on the regular payday for any workweek."); *see also* 29 C.F.R. § 790.21(b) ("The courts have held that a cause of action under the Fair Labor Standards Act for unpaid minimum wages . . . and for liquidated damages 'accrues' when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends."). Claims for violations of § 206 accrue on the date the wages should have been paid but were not, an employer who pays no wages on that date has violated the statute. *See, e.g.*, *Blundell v. Lassiter*, No. 3:17-CV-1990-L-BN, 2018

WL 6738046, at *13 (N.D. Tex. May 21, 2018) (with respect to allegations of late payments, stating that "[a]n average wage paid of $ 0 for hours worked during a workweek . . . is clearly below the minimum wage set by the FLSA.")  Bouchard does not contest Peaslee's assertions that the wages were paid late, no amounts were paid timely, or the amount of the late wages.

Perhaps recognizing the weakness of its FLSA argument, Bouchard does not argue that affirmance is warranted on that basis.  Bouchard instead argues that this court should affirm because the bankruptcy court made a factual determination about the prima facie validity of Peaslee's claim and made evidentiary rulings about the admissibility of the supporting documents for the claim.  The bankruptcy court did not, however, make explicit factual findings on these issues.

Under Rule 3001, a proof of claim is a "written statement setting forth a creditor's claim."  There is no requirement that the proof of claim be supported by admissible evidence for it to be presumptively valid.  The bankruptcy court cannot disallow a presumptively valid claim on the sole basis that it is not supported by admissible evidence.  *See* 11 U.S.C. § 502(b) (listing bases for disallowance of claims in whole or in part).  Bouchard objected to the claim as meritless as a matter of law, not because Peaslee failed to comply with Rule 3001 or introduce evidence in admissible form.  That objection was itself meritless.  The record presents no indication that the bankruptcy court ruled that Bouchard carried its burden for any reason other than its mistaken legal argument.  Bouchard did not carry its burden with respect to its objection in the bankruptcy court.

On the record presented, the bankruptcy court's finding that Bouchard carried its burden was clearly erroneous because it was based on a mistake of law.

**IV.**     **Conclusion**

The court vacates the bankruptcy court's order and remands Peaslee's claim.[2]

SIGNED on June 13, 2023, at Houston, Texas.

                                           Lee H. Rosenthal
                                      United States District Judge

---

[2] The court declines to reach Peaslee's arguments that his claim is secured by a lien against the vessel and that he is entitled to fees and costs. The bankruptcy court made no ruling on those issues and may address them should it allow the claim.